**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Ortiz-Mendez,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | No. CV 07-1282-PHX-MHM<br>    CR 06-1180-PHX-MHM<br><br>**ORDER** |

    Currently before the Court is Petitioner Jesus Ortiz-Mendez's Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C.§ 2255). (Dkt. #1). Because Petitioner has brought his motion under 28 U.S.C. § 2255, this Court shall treat it as a Motion for Habeas Corpus and apply all applicable rules.

I.    BACKGROUND

    Petitioner was arrested near Wellton, Arizona on or about November 11, 2006 for illegally entering the United States. After the arresting agents discovered that Petitioner had previously been removed from the United States, a criminal complaint was filed alleging the offense of Re-Entry after Removal in violation of Title 8, United States Code, Section 1326(a) as enhanced by Title 8, United States Code, Section 1326(b)(2). (Dkt. #1). Petitioner subsequently pled guilty to the foregoing charge by way of information and plea agreement. (Dkt. # 7 & 18). The terms of the plea agreement contained, among other things,

1  an explicit waiver that Petitioner would not seek to collaterally attack his judgment or
2  sentence. (Dkt. #18,p.5, l.21-27). On June 11, 2007, the district court accepted the plea
3  agreement and, consistent with the terms of the plea agreement, sentenced Petitioner to a
4  38-month term of imprisonment. (Dkt. #16). Petitioner subsequently filed a motion to
5  vacate, correct, or set aside his sentence using a court-approved form on August 21, 2007,
6  well within the one-year time limit prescribed by 28 U.S.C. §2255 as amended by the
7  Anti-Terrorism and Effective Death Penalty Act of 1996. See Pub.L. No. 104-132, 110 Stat.
8  1214. (Dkt. #34). Petitioner is no longer incarcerated, but is still under a term of supervised
9  release. He seeks relief on four grounds: (1) ineffective assistance of counsel; (2) his waiver
10 of his right to appeal was not made knowingly; (3) his current sentence more than doubles
11 a sentence received for a previous conviction; and (4) his sentence does not comport with the
12 United States sentencing guidelines. (Dkt. #34).

13 II.     DISCUSSION

14       The Court need not address the substance of Petitioner's grounds for relief, as he
15 waived his right to appeal and collaterally attack his conviction and sentence as part of his
16 plea agreement. It is well settled that a Petitioner may waive the right to file a 28 U.S.C.
17 §2255 petition if the waiver is made expressly. United States v. Nunez, 223 F.3d 956, 958-59
18 (9th Cir. 2000); see also United States v. Pruitt, 32 F.3d 431, 432-33 (9th Cir. 1994).
19 "Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language
20 of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal,
21 and (2) the waiver is knowingly and voluntarily made." Nunez, 223 F.3d at 958.

22       The plea agreement Petitioner executed with the government on January 10, 2007,
23 contains the following language:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code,

> Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Dkt. #18 at p.5, l. 21-27). During his change of plea hearing, Petitioner was asked several questions about his plea agreement, including whether he read it, whether he understood it, and whether he agreed to everything that was in it. (Id., Exhb. A at 9-12). The Magistrate Judge also specifically informed the Petitioner that, by pleading guilty, he was giving up his right to appeal or collaterally attack his sentence, and the Petitioner responded that he did understand he was giving up that right. (Id., Exhb. A at18). The Court also asked whether anyone had forced him in any way to enter into the agreement, and the Petitioner indicated that no one had forced or induced him to enter the plea. (Id., Exhb. A at 12). At the conclusion of the hearing, the Court found that the Petitioner knowingly, voluntarily and intelligently entered his guilty plea. (Id., Exhb. A at 24).

Petitioner alleges that he was not informed that he would lose his right to appeal or the consequences of losing that right. This allegation, however, is contradicted by the foregoing, which amply demonstrates that Petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his conviction and sentence. Additionally, the plea agreement provided that the Petitioner could be incarcerated for up to 78 months. (Id. Exhb. A at 3, 12-13). Petitioner received a sentence of 38 months of imprisonment. Since the Petitioner expressly, intelligently and voluntarily waived his right to collaterally attack his conviction and sentence in his signed plea agreement, that waiver was unambiguous, and his sentence is consistent with the agreement, the Court must enforce the waiver provision in Petitioner's plea agreement. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) ("We concluded that Jeronimo's waiver was valid and enforceable because the waiver was unambiguous and the record failed to demonstrate that it was not knowingly and voluntarily made.").[1]

---

[1] One of Petitioner's grounds for relief is ineffective assistance of counsel. Specifically, Petitioner alleges that counsel performed ineffectively by failing to give the

**Accordingly,**

**IT IS HEREBY ORDERED** denying Petitioner's Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C.§ 2255). (Dkt. #1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED.**

DATED this 17th day of June, 2010.



Mary H. Murguia
United States District Judge

---

sentencing judge a letter of recommendation, failing to visit petitioner in prison, and failing to follow up on some matters Petitioner wanted his counsel to pursue. As a general rule, ineffective assistance of counsel claims are barred when a petitioner waives his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. There appears, however, to be an exception to this rule for claims alleging that counsel's ineffectiveness rendered the waiver unknowing or involuntary. See Lampert, 422 F.3d at 870–71 ("holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver"). Petitioner does not argue that the ineffective performance of his counsel made his waiver of his right to appeal or collaterally attack his sentence unknowing or involuntary. As a result, this Court need not consider Petitioner's ineffective assistance of counsel claim.